07 CV 7205

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

-------------------------------------------------------x
FAISAL MUSTAFA, Individually and on Behalf
of All Those Similarly Situated,

               Plaintiff,

vs.

LIMELIGHT NETWORKS, INC., GOLDMAN,
SACHS & CO., MORGAN STANLEY & CO.,
INC., JEFFREY LUNSFORD, NATHAN
RACIBORSKI, ALLAN M. KAPLAN, JOSEPH
H. GLEBERMAN, and PETER J. PERRONE,

               Defendants.
-------------------------------------------------------x

Civ. No.

CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

JURY TRIAL DEMANDED

RECEIVED AUG 13 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, on information and belief based upon the investigation undertaken by Plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Limelight Networks, Inc. ("Limelight Networks" or the "Company"). Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**FACTUAL ALLEGATIONS**

1. This is a class action on behalf of a class of purchasers of Limelight Networks common stock from the date of the initial public offering ("IPO") on June 8, 2007 through August 8, 2007, the last trading day prior to the revelation of adverse news about the Company (the "Class") and its fiscal quarter ending June 30, 2007. This adverse news caused the price to

fall $6.86 in two trading days, or 46%, to close at $7.94 on August 10, 2007. The present stock price is approximately one-half the price at which the shares were offered in the IPO only a few weeks earlier. The IPO commencing on June 8, 2007 involved the sale of 14.9 million shares to members of the investing public at a price of $15 per share, netting the Company $205 million in proceeds. In connection with the IPO, certain insiders sold shares. These included Director and Chief Technical Officer Nathan F. Raciborski, who sold approximately 803,000 shares for proceeds of approximately $12 million; and Co-Founder and Director Allan M. Kaplan, who sold 620,000 shares, for proceeds of approximately $9 million. The IPO provides a vehicle for eventually monetizing the investment in Limelight Networks made by co-lead underwriter Goldman Sachs & Company ("Goldman Sachs") which through affiliates owns approximately 30.2 million Limelight Networks shares, and which has two directors on Limelight's Board, defendant directors Joseph H. Gleberman and Peter J. Perrone. Goldman Sachs served as Co-Lead Underwriter with Morgan Stanley & Co., Inc. ("Morgan Stanley").

2.  This action arises under Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k. Under Section 11, a Registration Statement and Prospectus for an IPO (which shall hereinafter be collectively referred to at times as "the Prospectus"), directors and underwriters are liable in negligence for failure to craft a Prospectus which fully and accurately informs investors of all material facts and industry trends affecting the issuer company. The issuer itself is held to strict liability for any material misrepresentations or omissions from the offering Prospectus. This Complaint asserts that the Limelight Networks Prospectus contained material misstatements and omissions, which when revealed led to the Class suffering losses and being damaged. It further asserts that the director defendants (as defined herein) and the underwriters could have and should have discovered these facts, and included them in the

2

Prospectus, but failed to do so due to a negligent and inadequate "due diligence" investigation. As noted above, the issuer is strictly liable, without fault, for the harm caused to the Class. No defendant herein is charged with fraud, as all claims sound in either negligence or strict liability.

3. Limelight Networks provides content delivery network ("CDN") services for delivering live and on-demand digital media online in the United States, Europe, and Asia Pacific. The company digitally delivers content for traditional and emerging media companies, or content providers, including businesses operating in the television, music, radio, newspaper, magazine, movie, videogame, and software industries. Its content delivery network enables content providers to provide their end-users with rich media content, including video, music, games, software, and social media.

4. The representations made in connection with the sale of Limelight Networks common stock in the IPO were materially false or misleading. At the time of the IPO Limelight Networks was being adversely affected by several factors not discussed or revealed in the Prospectus, as follows:

(a) For one thing, the Prospectus failed to reveal that the Company's revenues were at risk because of increased sales to media companies of streaming video relating to televised programs, a type of business which experiences seasonal drop-offs when the television season ends each year in mid-May. Indeed, the Prospectus specifically stated that the Company was unaware of any seasonality in its business that would affect quarterly results. Proper and adequate due diligence would have determined, by the time of the IPO, that the Company's foray into television-related streaming media was having a negative impact on sales due to seasonality, making the Prospectus statements regarding fluctuations in quarterly results incomplete, false and misleading.

(b) In addition, at the time of the IPO, Limelight Networks was providing expensive services to customers for which customers were refusing to pay premium prices because they had not fully identified ways to generate revenues that would justify the prices Limelight Networks desired. The Prospectus presented an inability to charge adequate prices for its content as a future possibility. In fact, it was a current reality which Limelight Networks was addressing by deeply discounting its services by offering lower "per unit" rates. These deep discounts were adversely and materially affecting Limelight Networks' second quarter business, and will adversely affect business going forward. Investors who read the Prospectus would have been unaware that to retain and gain customers Limelight Networks was resorting to material discounting of a magnitude it had not previously experienced, and that would impact its future viability.

5. The matters discussed above, all of which existed at the time of the IPO, were first revealed in a telephone conference call held by management on August 9, 2007, and in a press release announcing results for the quarter ended June 30, 2007. The net loss for that quarter was a staggering $10.46 million compared to a net loss of $4.7 million in the previous quarter. Revenues were down from the previous quarter, and expenses were up substantially. Co-Lead underwriter Goldman Sachs downgraded its rating on the stock, in a report written by analyst Sarah Friar. Ms. Friar said that "management credibility is shaken...Limelight's stumble highlights that management is still getting their arms around being a public company, and has yet to put in place a lot of the infrastructure to support execution on targets." Friar alos noted that the Company's value was gauged by earnings before interest, taxes, depreciation and amortization. The second quarter business events so seriously impacted Limelight Networks' business strategy that that the company is now guiding to full year adjusted EBITDA of $16

4

million to $19 million, versus previous estimates of $30 million, and the Wall Street consensus of $26 million. Goldman Sachs analyst Friar said that for a stock that trades on EBITDA multiples, the EBITDA guidance "is the most troublesome element of the quarter."

6. The revelations discussed above were so at odds with the Prospectus that the resultant stock drop eradicated $545 million in Company and shareholder value in just two days.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under and pursuant to Section 11 of the Securities Act (15 U.S.C. §§77k and 77(o)).

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act (15 U.S.C. §77v(a)) and 28 U.S.C. § 1331.

9. Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a), and 28 U.S.C. § 1391(b). Many of the acts and transactions alleged herein, including the dissemination of materially false and misleading information, affected persons in this District. Defendants Goldman Sachs and Morgan Stanley are headquartered in this District, and defendants Gleberman and Perrone are believed to work in this District.

10. In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11. Plaintiff Faisal Mustafa purchased shares of Limelight Networks common stock issued pursuant to the IPO, as shown on the attached Certification, and was damaged economically thereby.

12. Defendant Limelight Networks, Inc. is headquartered in Tempe, Arizona.

13. Defendant Goldman Sachs was a co-lead underwriter of the Limelight Networks IPO. Goldman Sachs maintains corporate headquarters in New York, New York.

14. Defendant Morgan Stanley was an underwriter of the Limelight Networks IPO. Morgan Stanley is headquartered in New York, New York, and provides investment banking services, including underwriting, equity research, sales, trading and mergers and acquisitions advice.

15. Defendant Jeffrey W. Lunsford ("Lunsford") is, and was at all times relevant hereto, the Company's President, Chairman and Chief Executive Officer).

16. Defendant Nathan F. Raciborski ("raciborski") is, and was at all times relevant hereto, a director. He signed the Registration Statement for the IPO.

17. Defendant Allan M. Kaplan ("Kaplan") is, and was at all times relevant hereto, a director. He signed the Registration Statement for the IPO.

18. Defendants Joseph H. Gleberman ("Gleberman") and Peter J. Perrone ("Perrone") are, and were at all times relevant hereto, directors. Gleberman has been a Managing Director in Goldman, Sachs & Co.'s Principal Investment Area since 1993. Perrone has been a Vice President in Goldman, Sachs & Co.'s Principal Investment Area since 2002. They signed the Registration Statement for the IPO.

19. Defendants Lunsford, Raciborski, Kaplan, Gleberman, and Perrone are sometimes referred to hereinafter as the "Individual Defendants."

6

### **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action as a class action on his own behalf and on behalf of all purchasers of the common stock of Limelight Networks issued pursuant and/or traceable to the Company's IPO, from June 8, 2007 through August 8, 2007. Excluded from the Class are Defendants herein, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

21. The members of the Class are so numerous that joinder of all members is impracticable. Approximately 14.9 million shares of the Company's common stock were sold in the IPO. The precise number of Class members is unknown to Plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Limelight Networks or its transfer agent or the underwriters for the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions.

22. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intends to prosecute this action vigorously.

23. Plaintiffs claims are typical of the claims of the other members of the Class because plaintiffs and all the Class members' damages arise from and were caused by the same

false and misleading representations and omissions made by or chargeable to Defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

24.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

25.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)  Whether the Securities Act was violated by Defendants' acts as alleged herein;

(b)  Whether documents, including the Registration Statement and Prospectus issued by Defendants to the investing public omitted and/or misrepresented material facts about Limelight Networks and its business; and

(c)  The extent of injuries sustained by members of the Class and the appropriate measure of damages.

### CAUSE OF ACTION
### Violations Of Section 11 Of The Securities Act
### Against All Defendants

26.  Plaintiff repeats and realleges each and every allegation above as if set forth fully herein. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k. This claim is not based on and does not sound in fraud.

27. This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Limelight Networks stock pursuant to the Prospectus and Registration Statement. Each Class member acquired their shares pursuant to and/or traceable to the Prospectus and Registration Statement. Limelight Networks is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement, and Prospectus. Goldman Sachs and Morgan Stanley are underwriters of the securities offered through the Registration Statement and Prospectus.

28. Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

29. None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

30. Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, *inter alia*, the facts set forth above. By reason of the conduct herein alleged, each defendant violated Section 11 of the Securities Act.

31. Limelight Networks is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of the stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

32. At the times they obtained their shares of Limelight Networks, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

33. This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

34. By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself the other members of the Class, pray for judgment as follows:

(a) declaring this action to be a Plaintiff class action properly maintained pursuant to the Federal Rules of Civil Procedure, certifying the Class, and certifying their counsel as Class Counsel;

(b) awarding Plaintiff and other members of the Class damages against Defendants, jointly and severally, together with interest thereon;

(c) awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

(d) awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

DATED: August 13, 2007

                                               Respectfully Submitted,

**PASKOWITZ & ASSOCIATES**

By: _____
Laurence D. Paskowitz, Esq. (LP-7324)
60 East 42nd Street—46th Floor
New York, New York 10165
Telephone: (212) 685-0969
Facsimile: (212) 685-2306

lpaskowitz@pasklaw.com

--and--

Roy L. Jacobs, Esq. (RLJ-0286)
**ROY JACOBS & ASSOCIATES**
60 East 42nd Street
46th Floor
New York, NY 10165
Telephone: (212) 867-1156
Facsimile: (212) 504-8343

Rljacobs@pipeline.com

Attorneys for Plaintiff and the Class

11

# EXHIBIT A

# EXHIBIT A

## PLAINTIFF'S CERTIFICATE

Faisal Mustafa ("Plaintiff"), declares, as to the claims asserted under the federal securities laws, that:

Plaintiff has reviewed the complaint against Limelight Networks, Inc. ("LLNW") and certain other defendants.

Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as approved by the court.

Plaintiff made the following transactions during the Class Period (June 8, 2007 through August 8, 2007) in the common shares of LLNW:

| Purchases | | | Sales | | |
|---|---|---|---|---|---|
| Date(s) | Number of Shares | Price | Date(s) | Number of Shares | Price |
| 7/30/2007 | 100 | 16.81/share | 7/13/2007 | 210 | 21.10 |
| 7/30/2007 | 40 | 16.81/share | 7/13/2007 | 10 | 21.20 |
| 7/30/2007 | 211 | 16.50/share | | | |
| 7/23/2007 | 24 | 17.26/share | | | |
| 7/18/2007 | 4 | 17.19/share | | | |
| 7/18/2007 | 180 | 17.48/share | | | |
| 7/18/2007 | 120 | 17.30/share | | | |
| 7/09/2007 | 25 | 22.50/share | | | |
| 6/26/2007 | 65 | 17.98/share | | | |
| 6/13/2007 | 130 | 19.00/share | | | |

Note: If you need additional space, please attach additional pages.

During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

I declare under penalty of perjury, this __11th__ day of August, 2007 that the information above is accurate.

Sign here or type: "e-signed"