**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
FAISAL MUSTAFA, Individually, and On                       :
Behalf of All Others Similarly Situated,                   :
                                                           :   Electronically Filed
                      Plaintiff,                           :
                                                           :   Civil Action No.: 1:07-cv-07205-PAC
          v.                                               :   (ECF Case)
                                                           :
LIMELIGHT NETWORKS, INC., GOLDMAN                          :   Hon. Paul A. Crotty
SACHS & CO., MORGAN STANLEY & CO.,                         :
INC., JEFFREY LUNSFORD, NATHAN                             :
RACIBORSKI, ALLAN M. KAPLAN,                               :
JOSEPH H. GLEBERMAN, and PETER J.                          :
PERRONE,                                                   :
                                                           :
                      Defendants.                          :
                                                           :
---------------------------------------------------------- x

*(Additional captions on the following pages)*


# MEMORANDUM OF LAW IN SUPPORT OF THE ROBBINS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>

------------------------------------------------------------ x
: 
TIM RADECKI, Individually, and On Behalf of : 
All Others Similarly Situated, : 
: 
: Electronically Filed
Plaintiff, : 
: 
: Civil Action No.: 1:07-cv-07394-PAC
v. : (ECF Case)
: 
LIMELIGHT NETWORKS, INC., JEFFREY : Hon. Paul A. Crotty
W. LUNSFORD, MATTHEW HALE, : 
NATHAN F. RACIBORSKI, ALLAN M. : 
KAPLAN, JOSEPH H. GLEBERMAN, PETER : 
J. PERRONE, GOLDMAN, SACHS & CO., and : 
MORGAN STANLEY & CO., : 
INCORPORATED., : 
: 
Defendants. : 
: 
------------------------------------------------------------ x
: 
HENDO WEENINK, Individually, and On : 
Behalf of All Others Similarly Situated, : 
: 
: Electronically Filed
Plaintiff, : 
: 
: Civil Action No.: 1:07-cv-07404-PAC
v. : (ECF Case)
: 
LIMELIGHT NETWORKS, INC., GOLDMAN : Hon. Paul A. Crotty
SACHS & CO., MORGAN STANLEY & CO., : 
INC., PIPER JAFFRAY & CO., FRIEDMAN, : 
BILLINGS, RAMSEY & CO., INC., JEFFREY : 
LUNSFORD, MATTHEW HALE, WALTER : 
D. AMARAL, JOSEPH H. GLEBERMAN, : 
FREDERIC W. HARMAN, MARK A. JUNG, : 
ALLAN M. KAPLAN, PETER J. PERRONE, : 
DAVID C. PETERSCHMIDT, NATHAN F. : 
RACIBORSKI, and GARY VALENZUELA, : 
: 
Defendants. : 
: 
------------------------------------------------------------ x

------------------------------------------------------------- x
: 
SCOTT KAIRALLA, Individually, and On : 
Behalf of All Others Similarly Situated, : Electronically Filed
: 
           Plaintiff, : Civil Action No.: 1:07-cv-07417-PAC
: (ECF Case)
         v. : 
: Hon. Paul A. Crotty
: 
LIMELIGHT NETWORKS, INC., JEFFREY : 
W. LUNSFORD, MICHAEL M. GORDON, : 
WILLIAM H. RINEHART, MATTHEW : 
HALE, NATHAN F. RACIBORSKI, WALTER : 
D. AMARAL, JOSEPH H. GLEBERMAN, : 
FREDERIC W. HARMAN, MARK A. JUNG, : 
ALLAN M. KAPLAN, PETER J. PERRONE, : 
DAVID C. PETERSCHMIDT, GARY : 
VALENZUELA, GOLDMAN SACHS & CO., : 
JEFFERIES & COMPANY, INC., MORGAN : 
STANLEY & CO., INCORPORATED, PIPER : 
JAFFRAY & CO., and FRIEDMAN, : 
BILLINGS, RAMSEY & CO., INC., : 
: 
           Defendants. : 
: 
: 
------------------------------------------------------------- x
: 
BENJAMIN PAUL, Individually, and On Behalf : 
of All Others Similarly Situated, : Electronically Filed
: 
           Plaintiff, : Civil Action No.: 1:07-cv-07432-PAC
: (ECF Case)
         v. : 
: Hon. Paul A. Crotty
LIMELIGHT NETWORKS, INC., GOLDMAN : 
SACHS & CO., MORGAN STANLEY & CO., : 
INC., JEFFREY W. LUNSFORD, NATHAN F. : 
RACIBORSKI, and ALLAN M. KAPLAN, : 
: 
           Defendants. : 
: 
------------------------------------------------------------- x

iii

| | |
|---|---|
| ---------------------------------------------------------- x | |
| ALICE ARTIS, Individually, and On Behalf of All Others Similarly Situated, | Electronically Filed |
| Plaintiff, | Civil Action No.: 1:07-cv-07475-PAC (ECF Case) |
| v. | Hon. Paul A. Crotty |
| LIMELIGHT NETWORKS, INC., JEFFREY W. LUNSFORDM MATTHEW HALE, NATHAN F. RACIBORSKI, MICHAEL M. GORDON, WILLIAM H. RINEHART, ALLAN M. KAPLAN, WALTER D. AMARAL, JOSEPH H. GLEBERMAN, FREDERIC W. HARMAN, MARK A. JUNG, PETER J. PERRONE,  DAVID C. PETERSCHMIDT, GARY VALENZUELA, GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFERIES &COMPANY, INC., PIPER JAFFRAY & CO., and FRIEDMAN, BILLINGS, RAMSEY & CO., INC., | |
| Defendants. | |
| ---------------------------------------------------------- x | |

iv

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.   THE ROBBINS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF..................... 4

    A.   The Procedural Requirements Pursuant to the PSLRA ........................................... 4

    B.   The Robbins Group is the "Most Adequate Plaintiff" ............................................ 5

        1.   The Robbins Group Has Made a ...................................................................... 5

        Motion for Appointment as Lead Plaintiff ............................................................ 5

        2.   The Robbins Group Has the Largest Financial Interest ............................... 5

        3.   The Robbins Group Otherwise Satisfies Rule 23 ....................................... 5

            (a)   The Robbins Group Fulfills the Typicality Requirement ............... 6

            (b)   The Robbins Group Fulfills the Adequacy Requirement ............... 7

II.  THE COURT SHOULD APPROVE THE ROBBINS GROUP'S CHOICE OF COUNSEL ............................................................................................................. 7

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 ((S.D.N.Y 2004) ..................................................................................6

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ..............................................................................5,6,7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y 1998) ......................................................................................6

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................................7

*In re Waste Mgm't, Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) .......................................................................7,8

### FEDERAL STATUTES & RULES

15 U.S.C. § 77K ............................................................................................................... 1

15 U.S.C. § 77o ................................................................................................................ 1

15 U.S.C. § 77z-1(a)(3)(B) ............................................................................................... 1

15 U.S.C. § 78j(B) ............................................................................................................ 1

15 U.S.C. § 78t(a) ............................................................................................................. 1

15 U.S.C. § 78u-4(a)(3) .................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................... 1,4,5

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................... 2,4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .......................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................7

17 C.F.R. § 240.10b-5..............................................................................................................1

Fed. R. Civ. P. 23 .........................................................................................................2,5,6,7

Mitchell Robbins, David Gechlik, and Thaiky Nguyen (collectively, the "Robbins Group"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o, and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5,[1] for an order: (i) consolidating the related actions; (ii) appointing the Robbins Group as lead plaintiff of a class of purchasers of the securities of Limelight Networks, Inc. ("Limelight" or the "Company"); and (iii) approving the Robbins Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

**PRELIMINARY STATEMENT**

This case involves allegations against Limelight, a provider of high-performance content delivery network ("CDN") services, and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' material misrepresentations and omissions in its offering Prospectus regarding the exposure of its revenues to seasonality and the price pressure it was experiencing in certain customer segments. This action is brought on behalf of all persons and entities who purchased or otherwise acquired the securities of Limelight between June 8, 2007, the date of the Company's initial public offering ("IPO"), and August 8, 2007, inclusive (the "Class Period"). During the Class Period, Defendants failed to disclose or indicate that the Company's revenues were subject to seasonal fluctuation, and that the Company was experiencing severe pricing pressure for its services, declining customer demand, and rising expenses. Defendants' misstatements, which appeared

---

[1] Claims are alleged in the filed complaints under both the Securities Act and the Exchange Act. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which governs the appointment of lead plaintiff, amended both Acts, s*ee* 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B), and either statute may be used for citation to the PSLRA.

in, among other places, the Company's Prospectus, artificially inflated the price of Limelight securities and caused substantial damages to the Class upon disclosure of the truth in August 2007.

On August 13, 2007, a complaint was filed in this Action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.[2]

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Robbins Group suffered estimated losses of $1,061,688. To the best of its knowledge, the Robbins Group's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. The Robbins Group is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, the Robbins Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action. Thus, as demonstrated herein, the Robbins Group is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

Limelight provides content delivery network services for delivering live and on-demand digital media online in the United States, Europe, and the Asia-Pacific region. The Company

---

[2] A complaint was also filed in the U.S. District Court for the District of Arizona on August 21, 2007. The Robbins Group is simultaneously filing a motion for appointment as lead plaintiff in that District as well.

digitally delivers content for traditional and emerging media companies, or content providers, including businesses operating in the television, music, radio, newspaper, magazine, movie, videogame, and software industries.  Its CDN services enable content providers to provide their end-users with rich media content, including video, music, games, software, and social media.

On June 8, 2007, the Company conducted its IPO.  In connection with the IPO, the Company filed a Registration Statement and Prospectus (collectively, the "Registration Statement") with the SEC.  The IPO enabled Limelight to sell 16 million shares to investors at $15.00 per share, for gross proceeds of $240 million.  The Company shocked investors on August 9, 2007 when it reported disappointing financial results for its second quarter of 2007.  The Company disclosed for the first time that its revenues were subject to seasonality, and that it had experienced a drop-off in media customers in the quarter due to the seasonality that media companies experience after the television season ends.  The Company also admitted that it was experiencing price pressures in certain customer segments.

Upon disclosure of this news, Limelight's stock fell $5.81 per share, or over 39 percent, to close on August 9, 2007 at $8.99 per share on unusually heavy trading volume.  The complaints on file allege that, in connection with the Company's IPO, Defendants failed to disclose or indicate the following: (1) that the Company's revenues were subject to seasonal fluctuation; (2) that the Company was experiencing sever pricing pressure for its services; (3) that the Company was experiencing a declining customer demand, which would affect the Company's revenues in subsequent financial quarters; (4) that the Company was experiencing rising expenses; and (5) that the Company lacked adequate internal and financial controls.

3

# ARGUMENT

## I. THE ROBBINS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *Marketwire* on August 13, 2007. See Ellman Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than October 12, 2007. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure [pertaining to class
> actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.   The Robbins Group is the "Most Adequate Plaintiff"

#### 1.   The Robbins Group Has Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Robbins Group timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2.   The Robbins Group Has the Largest Financial Interest

During the relevant period, as evidenced by, among other things, the accompanying signed certifications, *see* Ellman Decl. Ex. A, the Robbins Group incurred a substantial $1,061,688 loss on its transactions in Limelight shares. *See* Ellman Decl. Ex. B. In sum, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Robbins Group believes to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

#### 3.   The Robbins Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the

>    representative parties will fairly and adequately protect the
>    interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczesny Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, the Robbins Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a)     **The Robbins Group Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

The Robbins Group seeks to represent a class of purchasers of Limelight securities which have identical, non-competing and non-conflicting interests. The Robbins Group satisfies the typicality requirement because it: (1) purchased or acquired Limelight securities during the Class

6

Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, the Robbins Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### (b) The Robbins Group Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.). The Robbins Group's interests in this action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, their selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that the Robbins Group and their selected counsel will more than adequately protect the interests of absent class members.

## II. THE COURT SHOULD APPROVE THE ROBBINS GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20. Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the

7

largest common-fund securities class action settlements ever achieved at that time. See Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., and others. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Robbins Group or its counsel will not fairly and adequately represent the Class, or that the Robbins Group is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint the Robbins Group as lead plaintiff and approve its selection of Labaton Sucharow LLP to serve as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Robbins Group respectfully requests that the Court: (A) consolidate the related actions; (B) appoint the Robbins Group as Lead Plaintiff; and (C) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: October 12, 2007                                  Respectfully submitted,

**LABATON SUCHAROW LLP**

By:   */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:   (212) 907-0700
Facsimile:   (212) 818-0477

*Attorneys for the Robbins Group and
Proposed Lead Counsel for the Class*

Roy L. Jacobs
ROY JACOBS & ASSOCIATES
60 East 42nd St.
46th Floor
New York, New York 10165
Telephone:    (212) 867-1156
Facsimilie:    (212) 504-8343

*Counsel for the Robbins Group*

9