**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FAISAL MUSTAFA, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>LIMELIGHT NETWORKS, INC., GOLDMAN, SACHS & CO., MORGAN STANLEY & CO., INC., JEFFREY LUNSFORD, NATHAN RACIBORSKI, ALLAN M. KAPLAN, JOSEPH H. GLEBERMAN, and PETER J. PERRONE,<br><br>             Defendants. | Electronically Filed<br><br><br>Case No. 1:07-cv-07205-PAC<br><br>(ECF Case) |
| TIM RADECKI, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>LIMELIGHT NETWORKS, INC., JEFFREY W. LUNSFORD, MATTHEW HALE, NATHAN F. RACIBORSKI, ALAN M. KAPLAN, JOSEPH H. GLEBERMAN, PETER J. PERRONE, GOLDMAN, SACHS & CO. and MORGAN STANLEY & CO. INCORPORATED,<br><br>             Defendants. | <br><br><br><br>Case No. 1:07-cv-07394-PAC<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**OF THE LE GROUP TO CONSOLIDATE ACTIONS,**
**TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD**
**PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

HENDO WEERNICK, Individually and on Behalf of All Those Similarly Situated,

Plaintiff,

vs.

LIMELIGHT NETWORKS, INC., GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFREIES & COMPANY, INC., PIPER JAFFRAY & CO., FRIEDMAN, BILLINGS, RAMSEY & CO., INC., JEFFREY W. LUNSFORD, MATTHEW HALE, WALTER D. AMARAL, JOSEPH H. GLEBERMAN, FREDERIC W. HARMAN, MARK A. JUNG, ALLAN M. KAPLAN, PETER J. PERRONE, DAVID C. PETERSCHMIDT, NATHAN F. RACIBORSKI and GARY VALENZUELA,

Defendants.

Case No. 1:07-cv-07404-PAC

(ECF Case)

SCOTT KAIRALLA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

LIMELIGHT NETWORKS, INC., JEFFREY W. LUNSFORD, MICHAEL M. GORDON, WILLIAM H. RINEHART, MATTHEW HALE, NATHAN F. RACIBORSKI, WALTER D. AMARAL, JESEPH H. GLEBERMAN, FREDERIC W. HARMAN, MARK A. JUNG, ALLAN M. KAPLAN, PETER J. PERRONE, DAVID C. PETERSCHMIDT, GARY VALENZUELA, GOLDMAN SACHS & CO., JEFFRIES & COMPANY, INC., MORGAN STANLEY & CO., INCORPORATED, PIPER JAFFRAY & CO. and FRIEDMAN, BILLINGS, RAMSEY & CO., INC.,

Defendants.

Case No. 1:07-CV-01953-HB

(ECF Case)

[Captions continued on next page]

| | |
|---|---|
| BENJAMIN PAUL, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:07-cv-07432-PAC |
| vs. | (ECF Case) |
| LIMELIGHT NETWORKS, INC, GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFREY W. LUNSFORD, NATHAN F. RACIBORSKI and ALLAN M. KAPLAN, | |
| Defendants. | |
| ALICE ARTIS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:07-CV-07475-PAC |
| vs. | (ECF Case) |
| LIMELIGHT NETWORKS, INC, JEFFREY W. LUNSFORD, MATTHEW HALE, NATHAN RACIBORSKI, MICHAEL W. GORDON, WILLIAM H. RINEHART, ALLAN M. KAPLAN, WALTER D. AMARAL, JOSEPH H. GLEBERMAN, FREDEREC W. HARMON, MARK A. JUNG, PETER J. PERRONE, DAVID C. PETERSCHMIDT, GARY VALENZUELA, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO., INC., PIPER JAFFRAY & CO. and FRIEDMAN, BILLINGS, RAMSEY & CO., INC., | |
| Defendants. | |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

INTRODUCTION ................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................... 3

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ...................................................................................................... 5

II.      The Related Actions Should Be Consolidated................................................ 5

II.      The Le Group Should Be Appointed Lead Plaintiff ...................................... 5

      A.      The Procedural Requirements Pursuant To The PSLRA...................... 5

      B.      The Le Group Is "The Most Adequate Plaintiff" ................................. 7

            1.      The Le Group Has Made A Motion For
                      Its Appointment As Lead Plaintiff.............................................7

            2.      The Le Group Has The
                      Largest Financial Interest.........................................................7

            3.      The Le Group Otherwise
                      Satisfies Rule 23 ...................................................................7

                  a.      The Le Group Fulfills
                            The Typicality Requirement ............................8

                  b.      The Le Group Fulfills
                            The Adequacy Requirement .............................9

III.     The Court Should Approve The Le Group's Choice Of Counsel....................10

CONCLUSION................................................................................................11

i

## PRELIMINARY STATEMENT

Limelight Networks, Inc. ("Limelight" or the "Company") investors Hoa Van Le, Del G. Nuzum and Paul A. Walicke (collectively, the "Le Group") have losses totaling approximately $88,410 as a result of their investments in Limelight.  Accordingly, the Le Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation.  As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Le Group hereby moves for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired Limelight common stock pursuant or traceable to the Company's Initial Public Offering (the "IPO") on June 8, 2007, through August 8, 2007, inclusive (the "Class Period").[1]

## INTRODUCTION

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging similar violations of Sections 11, 12(a) and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.[2]

---

[1]  In addition to the above-captioned actions (the "Related Actions"), there is also at least one additional similar securities class action lawsuit pending in the District of Arizona captioned as: *Heffez v. Limelight Networks, Inc.*, No. 2:07-cv-01603-SRB.  In an abundance of caution, the Le Group has also filed a Notice of Filing in this action.  In addition, Defendants have made a motion to transfer the Related Actions to the District of Arizona.

[2]  The action captioned as *Artis v. Limelight Networks, Inc.,* No. 1:07-cv-07475-PAC asserts violations of the Exchange Act in addition to the Securities Act.

The Le Group, with losses of approximately $88,410, in connection with its purchases of Limelight securities during the Class Period, is suitable and adequate to serve as Lead Plaintiff.[3] The members of the Le Group have submitted sworn certifications, demonstrating their desire to serve as Lead Plaintiff in this action and their understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[4]  To the best of its knowledge, the Le Group's losses represent the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C.  Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained greater financial losses.  In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these actions.  Thus, as demonstrated herein, the Le Group is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

The Le Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-4(a)(3)(B) and Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the

---

[3]  The losses suffered by the Le Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certification required under Section 27 of the Securities Act, 15 U.S.C. § 77z-4(a)(2)(A) and Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[4]  Sworn certifications for the members of the Le Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of The Le Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

Le Group to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving the Le Group's selection of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class; and (4) approving the Le Group's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *Mustafa v. Limelight Networks, Inc.,* No. 07 1:07-cv-07205-PAC, was filed in this District on August 13, 2007.  Pursuant to 15 U.S.C. § 77z-4(a)(3)(A)(i) and 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 13, 2007, plaintiff in the *Mustafa* action published notice that a class action lawsuit had been initiated against defendants over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than October 12, 2007. *See* Smith Decl. at Exhibit B.  The members of the Le Group are class members (*see* Smith Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the August 13, 2007 notice pursuant to Section 27 of the Securities Act and Section 21D of the Exchange Act.

## STATEMENT OF FACTS[5]

Limelight, a Delaware corporation with its principal place of business in Tempe, Arizona, is a provider of high-performance content delivery network ("CDN") services.  The Company digitally delivers content for traditional and emerging media companies.  Limelight's services are purpose-built for the delivery of digital media to large, global audiences.  In connection with the Company's IPO, the Company failed to indicate that the Company's

---

[5]  These facts were derived from the allegations contained in the class action styled as *Artis v. Limelight Networks, Inc.,* No. 1:07-cv-07475-PAC (S.D.N.Y filed Aug. 23, 2007).

revenues were subject to seasonal fluctuation, that the Company was experiencing pricing

pressure, and that the Company was experiencing declining customer demand, which allowed

the Company to raise hundreds of millions of dollars in the IPO.

On June 8, 2007, Limelight conducted its IPO.  In connection with the IPO, the Company

filed a Registration Statement and Prospectus with the SEC, which stated that customer demand

for media content over the Internet had increased and that the Company developed its services to

specifically meet the demands of the content providers in delivering rich media content to large

audiences.  In addition, the Company emphasized that the Company's net revenue had increased

during the last nine quarters associated with growth in service revenue from existing customers

and the continuous addition of new customers in each quarter.  The Company also stated that it

had not identified any seasonal fluctuations in its quarterly results.  The IPO was a financial

success for the Company and certain selling stockholders, as the Company sold 16 million shares

of the Company's stock to investors at $15.00 per share, for gross proceeds of $240 million.

Then, on August 9, 2007, the Company shocked investors when it reported its financial

results for its second quarter of 2007, and the Company disclosed for the first time that its

revenues were subject to seasonality and that it had experienced a drop-off in media customers in

the quarter due to the seasonality that media companies experience after the television season

ends.  The Company also admitted that it was experiencing price pressures in certain customer

segments.  On this news, the price of Limelight's stock declined $5.81 per share, or over 39

percent, from its previous day's closing price of $14.80, to close at $8.99 per share, on unusually

heavy trading volume.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

4

All of the Related Actions involve class action claims on behalf of class members who purchased or otherwise acquired Limelight securities during the Class Period. All of the Related Actions assert essentially similar and overlapping class claims brought on behalf of purchasers of Limelight securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) Accordingly, these Related Actions should be consolidated.

## II.     THE LE GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-4(a)(3); 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-4(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Market Wire* on August 13, 2007. *See* Smith Decl. at Exhibit B.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than October 12, 2007. Within 60 days after publication of the

---

[6] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).

required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-4(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 77z-4(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . .
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-4(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

**B.    The Le Group Is "The Most Adequate Plaintiff"**

      **1.    The Le Group Has Made A Motion For Its Appointment As Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Le Group timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the consolidated action and any other actions deemed related by this Court.

### 2.    The Le Group Has The Largest Financial Interest

According to 15 U.S.C. § 77z-4(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the

court shall appoint as Lead Plaintiff the class member who represents the largest financial

interest in the relief sought by the action. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D, 398,

401 (S.D.N.Y. 2004). As is demonstrated herein, the Le Group, with losses of $88,410, has the

largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3.    The Le Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-4(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), in addition to

possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Rule 23(a) provides that a party may serve as a class representative if the following four

requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests
> of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy –

directly address the personal characteristics of the class representative. Consequently, in

deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality

and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until

the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding

that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under

7

the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004)

(same). The members of the Le Group have claims that are typical of other class members and

can adequately serve as Lead Plaintiff. As detailed below, the members of the Le Group satisfy

both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as

Lead Plaintiff.[7]

### a.    The Le Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

those of the class. Typicality exists if "each class member's claim arises from the same course

of events, and each class member makes similar legal arguments to prove the defendant's

liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert.*

*dismissed sub nom.*, 506 U.S. 1088 (1993); s*ee also Oxford Health,* 182 F.R.D. at 50 (same).

However, the claims of the Lead Plaintiff need not be identical to the claims of the class to

satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 WL 1637053, at *5 (S.D.N.Y.

July 20, 2004).

The Le Group seeks to represent a class of purchasers of Limelight securities which have

identical, non-competing and non-conflicting interests. The members of the Le Group satisfy the

typicality requirement because, just like all other class members, they: (1) purchased or acquired

Limelight securities during the Class Period; (2) at prices allegedly artificially inflated by

defendants' materially false and misleading statements and/or omissions; and (3) suffered

---

[7] The members of the Le Group have claims that are typical to those of other class members and
can adequately serve as Lead Plaintiff. Hoa Van Le is a federal patent examiner and resides in
California; Del G. Nuzum is a courier for a national shipping company and resides in Kentucky;
and Paul A. Walicke is a commercial pilot and resides in Kentucky. The members of the Le
Group are committed to working together in the joint prosecution of this action.

damages thereby.  Thus, the Le Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.    The Le Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests.  15 U.S.C. § 78u-4(a)(3)(B).  As detailed above, the Le Group shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members.  Further, the members of the Le Group have already taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; they have moved this Court to be appointed as Lead Plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.  *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement).  Furthermore, the Le Group has the largest known financial interest which gives it "an incentive to prosecute the case vigorously."  *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Thus, the Le Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore,

satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 77z-4(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**III.    THE COURT SHOULD APPROVE THE LE GROUP'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C § 77z-4(a)(3)(B)(v) and 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, the Le Group has selected and retained Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class.  *See* Smith Decl. at Exhibits D and E.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint the Le Group as Lead Plaintiff and approve its selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Le Group respectfully requests that the Court: (a) consolidate the Related Actions; (b) appoint the Le Group as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: October 12, 2007                    Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:   */s Evan J. Smith, Esquire (ES3254)*
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:    (516) 741-4977
Facsimile:     (516) 741-0626

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Ian D. Berg
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7706
Facsimile:     (610) 667-7056

**Proposed Lead Counsel**

11